FILED
JUL 30 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Stacy Brown,<br><br>Petitioner,<br><br>v.<br><br>U.S. Parole Commission *et al.*,<br><br>Respondents. | ) | Civil Action No. 14-1295 |

MEMORANDUM OPINION

Petitioner, proceeding *pro se*, is a prisoner currently incarcerated at the District's Correctional Treatment Facility. He has submitted a Petition for a Writ of Habeas Corpus purportedly to challenge his 1981 sentence of 16 to 51 years imposed by the Superior Court of the District of Columbia for "burglary, assault, etc." Pet. at 2. Petitioner names the United States Parole Commission ("Parole Commission") as a respondent and admits that his "parole term was 'revoked' approximately four times . . . as the result of parole infractions . . . ." *Id.* at 5. Although the Commission is not the proper respondent to a habeas petition, *see Rumsfeld v. Padilla,* 542 U.S. 426, 439 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998), petitioner appears to have named his warden as well. Hence, the Court will consider the merits of the petition.

"A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue [a show cause] order . . ., unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The extraordinary remedy of habeas corpus is available to District of Columbia prisoners if the prisoner shows that he is "in





3

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The petition is difficult to follow and will be liberally construed. Petitioner's current custody stems not from the Superior Court judgment but from a conviction in "the district court" that is due to expire on August 16, 2014. Pet. at 6; *see U.S. v. Brown*, No. 05-cr-00227 (D.D.C. Feb. 19, 2014) (Walton, J.) (revoking supervised release and sentencing petitioner to six months' incarceration followed by 36 months' supervised release). Presumably because the Superior Court sentence has yet to expire and petitioner's federal conviction might be the basis for yet another parole violation, the Parole Commission, as the parole authority over District of Columbia offenders, has lodged a detainer that petitioner claims affects his ability to be placed in home confinement or a halfway house one year prior to his release date. *See* Pet. at 2. Petitioner contends that "the lodged detainer shall be released," *id.*, essentially because it violates the separation of powers doctrine. According to petitioner, the detainer is an impermissible delegation of the sentencing court's authority to the Parole Commission. *Id.* at 6. Petitioner seeks to have D.C. Code §§ 24-131, 133 declared unconstitutional "and to dislodge his detainer." *Id.* at 7.

The United States Parole Commission has jurisdiction over D.C. parolees and supervisees to revoke parole or to modify parole conditions. D.C. Code §§ 24-131, 24-133(c)(2); *see Taylor v. U.S. Parole Comm'n*, 860 F. Supp. 2d 13, 15-16 (D.D.C. 2012). In exercising that authority, "the Commission has broad authority to issue, defer or withdraw parole violator[] warrants or lodge them as detainers." *Thompson v. U.S. Parole Comm'n*, 553 F. Supp. 1027, 1030 (D.D.C. 1983); *see accord Brooks v. U.S. Parole Comm'n*, 510 F. Supp. 2d 105 (D.D.C. 2007) (finding the Parole Commission's lodging of a detainer to be executed upon the D.C. Code offender's release

from his current federal sentence "clearly within the Commission's authority"). Because the District's parole and supervised release statutes govern the execution of a judicially imposed sentence, "[t]he Parole Commission's administrative authority over supervised release and its power to impose a sentence when such release is revoked does not constitute a usurpation of a judicial function or violate the separation-of-powers doctrine." *Taylor*, 860 F. Supp. 2d at 16 (citing *Smallwood v. U.S. Parole Comm'n*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011)); *see Hammett v. U.S. Parole Comm'n*, No. 10-442, 2010 WL 1257669, at *1 (D.D.C. Apr. 2, 2010) (observing that "[t]his argument, and similar separation of powers arguments, have been raised often and rejected each time"); *accord Ray v. U.S. Parole Comm'n*, No. 11-2127, 2012 WL 252238, at *2 (D.D.C. Jan. 26, 2012) ("The Commission does not usurp a judicial function when, as here, it acts "pursuant to the parole laws and regulations of the District of Columbia," . . . (quoting D.C. Code § 24–131(c)); *Watson v. U.S. Parole Comm'n*, 869 F. Supp. 2d 145, 149 (D.D.C. 2012) (citing cases); *Washington v. U.S. Parole Comm'n*, 859 F. Supp. 2d 21, 23-24 (D.D.C. 2012) (same); *Leach v. U.S. Parole Comm'n*, 522 F. Supp. 2d 250, 251 (D.D.C. 2007) (same). The instant petition presents nothing new to compel a different result on the separation of powers argument.

Apart from the grounds predicated on the Commission's authority, petitioner states that he is "attacking his 16 to 51 years sentence" imposed by the Superior Court because "prison officials *had* run his count charges within a 'consecutive' manner . . . in violation of his 8th amendment right," and the Constitution's double jeopardy and *ex post facto* clauses. Pet. at 5 (Ground One) (emphasis supplied). From all indications, petitioner is currently serving the federal sentence. The vaguely worded supporting facts do not establish (1) when the alleged miscalculation of the D.C. sentence occurred, (2) who the "prison officials" are, *i.e.*, federal or local, and (3) the immediate consequences, if any, arising from the alleged miscalculation. In other words,

petitioner has not established the "in custody" requirement for obtaining habeas relief from the D.C. sentence. Hence, the Court will deny the petition in its entirety without prejudice. A separate order accompanies this Memorandum Opinion.

United States District Judge

DATE: July 29, 2014